UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOREN K. COOK,<br><br>            Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>            Defendant. | CASE NO.   C05-5589B<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge J. Kelley Arnold. Dkt. 23. The Court has considered the Report and Recommendation (Dkt. 23), Plaintiff's Objections to the Report and Recommendation (Dkt. 24), Defendant's Response to Plaintiff's Objections (Dkt. 25), and the file herein.

I.   **FACTS**

The procedural history and basic facts are related at length in the Report and Recommendation and shall not be repeated here. After the Report and Recommendation was issued, Plaintiff filed objections arguing that: a) the Administrative Law Judge's ("ALJ") assessment of the medical evidence was in error, b) the ALJ's improperly rejected lay witnesses' written statements, c) the ALJ's failed to properly evaluate Plaintiff's residual functional capacity ("RFC"), and d) the ALJ's reliance upon the vocational expert's ("VE") testimony was misplaced because the hypothetical question failed to include all Plaintiff's limitations. Dkt. 24.

II. **DISCUSSION**

This Court must uphold the Commissioner's determination that the Plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A. ASSESSMENT OF MEDICAL EVIDENCE

The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When there is a conflict between the opinions of a treating physician and an examining physician "the ALJ may disregard the opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (*quoting Lester v. Charter*, 81 F.3d 821, 830 (9th Cir. 1995)). "When a non-treating physician's opinion contradicts that of the treating physician - but is not based on independent clinical findings or rests on clinical findings also considered by the treating physician - the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999) (*quoting Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). "The ALJ can met this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Plaintiff argues, in his objections, that the ALJ erred by failing discuss Dr. Moore's evaluation because the Appeal's Council ordered him to "weigh the opinions of all the physicians of record" when the matter was remanded. Dkt. 24, at 1. However, the record reveals that Dr. Moore's evaluation was

ORDER
Page - 2

completed eight months prior to Plaintiff's alleged on-set date, and he opined that the severity of Plaintiff's impairments would last a maximum of three months. Tr. 502. The ALJ's failure to address Dr. Moore's opinion was harmless.

Plaintiff also objects to the characterization in the Report and Recommendation of the opinions of Drs. Moore and Whitehill. Dkt. 24, at 2. Plaintiff points to the portion of the Report and Recommendation which states that Drs. Schneider, Biebuyck and Bigley did not share Drs. Moore and Whitehill's assessments of Plaintiff's mental limitations - his ability to respond appropriately to and tolerate the pressures and expectations of a normal work week. *Id.* Plaintiff notes portions of Dr. Schneider's report which state Plaintiff is "sensitive to authority and sensitive to demand . . . He is a very resentful individual who is quick to react." *Id.* These observations are, at best, ambiguous as to whether they conflict with Drs. Moore and Whitehill's opinions of Plaintiff's limitations. When the evidence is "susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld." *Morgan v. Apfel*, 169 F.3d 595, 601 (9th Cir. 1999) (*citations omitted*). In any event, the ALJ noted Dr. Schneider's end assessment of Plaintiff was that he was capable of work in certain environments. Tr. 605. Plaintiff notes that Dr. Biebuyck does not directly address the opinions of Drs. Moore and Whitehill. Dkt. 24, at 2. However, the record indicates that, Dr. Biebuyck, an examining physician, concluded in his assessment, that with treatment, there were no impediments to Plaintiff completing a normal workweek. Tr. 425. This opinion clearly conflicts with the opinions of Drs. Moore and Whitehill. Plaintiff cites to no authority indicating that Dr. Biebuyck's failure to address opinions of other doctors creates error.

Plaintiff argues Judge Arnold erred in failing to address one of the ALJ's allegedly improper reasons given to reject two medical assessments. Dkt. 24, at 2. One of the reasons the ALJ accorded Drs. Whitehill and Schneider's assessments little weight was that they based their conclusions solely upon Plaintiff's subjective complaints. Tr. 604. The ALJ found ample evidence in the record of Plaintiff's propensity to exaggerate, found his subjective complaints in question, and any opinion based solely upon those complaints was cast in doubt. *Id.* at 604-605. Plaintiff argues that medical professionals are capable of determining whether a patient is exaggerating and would adjust their opinion accordingly. Dkt. 24, at 3. Plaintiff alleges the ALJ improperly substituted his opinion for that of the doctors. *Id.*

The ALJ is solely responsible for determining credibility. *Andrews*, at 1039. Here, the ALJ had

ORDER
Page - 3

adequate cause to find Plaintiff not credible. The ALJ was confronted with conflicting medical opinions regarding Plaintiff's limitations and the impact those limitations would have on his ability to work. Tr. 604-608. It is the ALJ's responsibility to resolve conflicts among the medical opinions. *Andrews* at 1039. Given the ALJ's responsibility to resolve conflicts in the record, the ALJ was not substituting his opinion for the doctors' opinions, but merely evaluating the record in light of his credibility findings. The ALJ properly assessed the medical evidence in the record.

### B.   ASSESSMENT OF LAY WITNESSES

According to 20 C.F.R. 404.1513(e)(2), the Commissioner will consider observations by non-medical sources about how impairments affect a claimant's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993)).

Plaintiff argues, in his objections, that the ALJ improperly rejected the lay witnesses' statements because they "lack medical and vocational expertise" and because they relied upon the Plaintiff's statements. Dkt. 24, at 4.

The ALJ gave reasons germane to each witness for the rejection of their testimony. *Smolen* at 1288. The ALJ found the lay witnesses generally credible, but did not assign much weight to their overall determination that Plaintiff was unable to work due to their lack of medical and/or vocational expertise. Tr. 610. The ALJ also found that their observations were drawn into question given Plaintiff's tendency to exaggerate. *Id.* Lastly, the ALJ found the lay witnesses' "opined limitations [were] not based on any objective medical evidence nor [were] they supported by the totality of the medical records." *Id.* Plaintiff argues that rejection of lay witness testimony based upon their lack of medical or vocational training undermines the Commissioner's rulings that such testimony be considered. *Id.* However, 20 C.F.R. 404.1513(e)(2) requires consideration of lay witness observations on how a claimant's impairments affect their ability to work, not acceptance of a lay witness's <u>conclusion</u> regarding a claimant's ability to work. Plaintiff cites *Dodrill* and notes that rejection of lay witness testimony, from witnesses who have had an opportunity to observe a claimant, based solely on a finding that the claimant was not credible, is improper. Dkt. 24 at 4. Here, the ALJ did not accord little weight to the lay witness testimony just

ORDER
Page - 4

because it was based upon Plaintiff's complaints.  The ALJ provided other bases supported by substantial evidence in the record.  The ALJ did not err in his rejection of the lay witness testimony.

### C. RFC ASSESSMENT

An individual's RFC is what that individual can still do despite his or her limitations.  Social Security Ruling ("SSR") 96-8p.  The ALJ is responsible for determining a plaintiff's RFC.  *Id.*  The RFC assessment must be based on all of the relevant evidence in the record, such as "medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, evidence from attempts to work, need for a structured living environment, and work evaluations if available."  *Id.*

Plaintiff argues, in his objections, that Judge Arnold erred in finding the ALJ's RFC assessment was proper.  Dkt. 24.  Plaintiff argues the ALJ failed to consider all of the medical evidence regarding his mental disorders, migraines, need for naps, and side effects of his medications.  *Id.* at 5-6.

Judge Arnold properly concluded that the ALJ's RFC assessment was correct.  As above, the ALJ properly evaluated the medical evidence, and the ALJ's determination of Plaintiff's limitations is supported by substantial evidence in the record.

### D. ERRORS IN HYPOTHETICAL QUESTION POSED TO VOCATIONAL EXPERT

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the claimant.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  A vocational expert's testimony is only valuable to the extent that it is supported by medical evidence.  *Id.*  An ALJ is free to accept or reject limitations as long as the decision to do so is supported by substantial evidence in the record.  *See Id.* at 756-57.

Plaintiff argues that the hypothetical questions posed to the vocational expert were flawed because it did not set out all Plaintiff's limitations.  Dkt. 24, at 6.  The ALJ did not err in his evaluation of the medical evidence and appropriately determined Plaintiff's RFC.  The hypothetical questions posed to the vocational expert included the limitations which the ALJ found had support in the medical record, and as a result, were proper.

III. **ORDER**

Accordingly, it is hereby ORDERED that:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) The administrative decision is **AFFIRMED;** and

(3) The Clerk is directed to send copies of this Order to Plaintiff's counsel, Defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 28th day of June, 2006.

Robert J. Bryan
U.S. District Judge